By the Court.
Oakley, Ch. J.
During the prevalence of the cholera in thé summer of 1849, the Board of Health appointed a committee denominated the Sanitary Committee. The Board being composed of numerous members, its duties devolved mainly upon this committee. The committee were authorized by the Board to employ physicians to attend in each ward at *155 the station-houses, at a per diem allowance. The sanitary committee, in the course of their proceedings, passed certain resolutions, one of which, as the plaintiff contends, was for the employment of physicians to attend upon all the poor sick of their respective wards, without reference to the character of the-disease. The plaintiff was one of the physicians thus employed. Upon a settlement of the account of tbe plaintiff with the defendants, a dispute arose as to the charges for attendance in cases other than those of cholera. The items for attendance on cholera patients were allowed, hut the others were not. There is no dispute in this case, as to the services rendered, nor as to the correctness of the charges.
This action is brought against the Board of Health, eo nomine, treating them as a corporate body. The first question which arises is, Is this Board such a corporation? A very extended argument was gone into on both sides, as to the character, powers, and duties of the Board. It is an old institution, but it received a separate and distinct organization by the revised statutes of 1880. Under this, the common council had the power of appointing the members of the Board, and by an ordinance for that purpose, it was declared that it should be composed of the aldermen and assistant aldermen of the city. We cannot find that this Board is anywhere created a body corporate by express terms of law, nor can we perceive that it has any of the features of a corporate body. ' It has no succession, no seal, and no funds. It is organized by the city corporation under the laws of the state, and may be changed as to its members at the pleasure of the common council.
The counsel for the plaintiff has pressed upon our notice a class of cases, under which it is contended this Board may be considered as a quasi corporation, and it has been likened to the cases in which suits have been brought by and against overseers of the poor. But in all such cases, the actions are instituted against the individuals themselves, describing them by their name of office, and not against them as a corporate body. We are also referred to a section of the statute, the purport of which is, that no action brought by the Board of Health, and by over *156 seers of the poor, shall abate by reason of the death of any one of its members, and it is said, that if the Board can sue, it is to be inferred- that the legislature clearly contemplated they could also be sued. We think that this clause of the statute is misunderstood. If it were intended to authorize the Board to sue as a corporation, in its corporate name, the provision that a suit shall not abate by the death of any of its members is entirely senseless and unmeaning. That can only apply to actions brought in the name of the individuals composing the Board, and in this respect, the Board is like the overseers of the poor, who must always sue in their individual names.
Our conclusion is, therefore, that no action can be brought against the Board as a corporate body; and this point being conclusive against the plaintiff’s right of recovery, it is not necessary to consider several other questions involved in the case.
The judgment at the special term must be reversed, and the complaint dismissed.